IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JERRY WAYNE HUGHES and \*
LAVERNE HUGHES, \*
 \*
         Plaintiff, \*
 \*
vs. \*   No. 4:14CV00506 SWW
 \*
GOODWILL INDUSTRIES OF \*
ARKANSAS, INC; ET AL., \*
 \*
 \*
         Defendants. \*
 \*

OPINION and ORDER

This is an employment discrimination case brought by Jerry Wayne Hughes, a white male, against his employer, Goodwill Industries of Arkansas ("Goodwill"), and individual employees of Goodwill: Cedric Horton ("Horton"), Andy Hollowell ("Hollowell"), Shirl Holmes ("Holmes"), and Candi Wilson ("Wilson").  In addition to his Title VII discrimination claim, Mr. Hughes asserts claims of defamation and outrage.  His wife, Laverne Hughes, brings a claim for loss of consortium.

Now before the Court is a motion filed by Goodwill, Horton, Hollowell, and  Holmes to dismiss Mr. Hughes's Title VII claim against Horton and Hollowell and his claim of outrage against all the defendants.  Plaintiffs failed to timely respond to the motion.  The Court has reviewed the motion and brief and finds the motion should be granted.

*Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to

state a claim upon which relief can be granted. To meet the 12(b)(6) standard, a complaint must sufficiently allege facts that will entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id*.

*Title VII*

As a matter of law, individual co-workers cannot be held personally liable under Title VII. *See Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir.1995); *Smith v. St. Bernards Regional Med. Ctr.,* 19 F.3d 1254, 1255 (8th Cir.1994). Therefore, the Court finds Mr. Hughes fails to state a claim for relief under Title VII against the individual defendants Horton and Hollowell.

*Outrage*

To prove a claim of outrage, Mr. Hughes must establish that: (1) the defendants intended to inflict emotional distress or knew or should have known that emotional distress would likely result from their conduct; (2) their conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community; (3) defendants' actions caused Hughes's distress; and (4) Hughes's emotional distress was so severe that no reasonable person could be expected to endure it. *Kiersey v. Jeffrey*, 253 S.W.3d 438, 441 (Ark. 2007). "Arkansas courts take a 'narrow view' of the tort, and adopt an especially strict approach to outrage claims arising from employment relationships." *Burkhart v. American Railcar Indus., Inc.*, 603 F.3d 472, 478 (8th Cir. 2010).

Mr. Hughes complains that Horton, Holmes, and Wilson created a hostile work environment by accusing him of being a racist and verbally assaulting him. He claims their

actions, the other defendants' failure to do anything about the situation despite his requests, and his constructive discharge caused him severe anguish, distress, and anxiety.

In *Cesena v. Gray*, 316 S.W.3d 257 (Ark. App. 2009), the court held that plaintiff failed to state a claim of outrage when he alleged that

> 'for over a year Derrick Flowers [his supervisor] repeatedly and angrily threatened Plaintiff that he was going to take Plaintiff out into the parking lot and kick his ass.' Second, Cesena alleged, 'On occasion when Plaintiff requested assistance from Defendant Gray [the manager] to stop Derrick Flowers from subjecting him to threats of being taken out into the parking lot by Derrick Flowers and having his 'ass kicked,' Defendant Gray shoved his finger into Plaintiff's face and screamed, 'Do you want to see how tough I can be?'' He believed that this 'threat' was significant because he was aware that Gray had previously sustained a broken leg in a fight with an ABCBS employee. Cesena claimed that Gray 'informed Plaintiff that Derrick Flowers was an extension of Defendant Gray's authority,' and that 'it was reasonably assumed by Plaintiff that the threats of Derrick Flowers were the threats of Defendant Gray, which caused him to have fear of imminent harm of being beat up by one or the other or both.' Third, Cesena alleged that on February 24, 2004, Gray terminated him for dishonesty. Fourth, Cesena asserted that Gray defamed him by declaring him dishonest, incompetent, and 'crazy,' which he contended not only constituted defamation, but conduct that qualified as outrage as well.

316 S.W.3d at 259-60.

There are numerous cases where plaintiffs have alleged conduct much more egregious than what Hughes alleges here and the claims of outrage were dismissed. *See Kelley v. Georgia-Pacific Corp.*, 300 F.3d 910 (8th Cir. 2002)(supervisor allegedly took employee's teenaged daughter to strip club and watched her dance topless, then wrote inaccurate e-mails regarding employee's work performance, excluded him from meetings, and verbally harassed him); *Smith v. American Greetings Corp.*, 804 S.W.2d 683 (Ark. 1991)(employee alleged he was wrongfully terminated after supervisor hit him); *Holloman v. Keadle*, 931 S.W.2d 413 (Ark. 2006)(employee alleged her employer repeatedly cursed and called her "slut," "whore," "white nigger," and the

3

"ignorance of Glenwood, Arkansas;" made derogatory remarks about women; and veiled threats to do her physical harm).  The Court finds the allegations fail to state a claim for outrage.

*Motion to Amend Answer*

Also before the Court is defendants' motion for leave to file an amended answer to which plaintiff made no timely response.  The motion is granted.  Defendants are directed to file their amended answer within five [5] day of the date of entry of this Order.

*Conclusion*

IT IS THEREFORE ORDERED that defendants' motion to dismiss [ECF No. 14] is granted.  Plaintiff's Title VII claim against Horton and Hollowell is dismissed and plaintiff's claim of outrage is dismissed.  Defendants' motion for leave to file an amended answer [ECF No. 23] is granted.

DATED this 13th day of January, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE